(No. 74—CC—0740-)

JAVIER CURIEL AND STATE FARM FIRE AND CASUALTY COMPANY, Inc., Claimants, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 3, 1979.*

WESTERVELT, JOHNSON, NICOLL & KELLER (DANIEL L. JOHNS, of counsel), for Claimants.

WILLIAM J. SCOTT, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This is a claim for compensation pursuant to the provisions of Ill. Rev. Stat. 1973, Ch. 23, par. 4041 for damages caused by an escaped inmate of State con-

trolled institution, and the Court of Claims Act, Ill. Rev. Stat. 1973, ch. 37, par. 439.8(a). This action arises out of an incident which occurred on July 23, 1973.

On that date Arrozo Rafael escaped from the Hanna City Boy's School, a State run institution. He abandoned a motor vehicle in front of the home of the Claimant. On the same date Claimant's automobile was stolen from his home along with items of jewelry. Later that day Rafael was apprehended driving the Claimant's automobile. The Claimant alleges that the State was negligent in allowing Raphael to escape and should be liable for his actions.

According to facts brought forth at the hearing, Arrozo Raphael escaped on July 22, 1973, while on an off-grounds activity. He was apprehended by Fulton County Police and returned the same evening. While absent, Arrozo Rafael stole a motor vehicle. Subsequent to this escape attempt, he was placed on a dormitory floor protected by security screens, a youth supervisor and other security measures. The fact that he was allowed to leave the dormitory, unattended, at 4 a.m. on July 23, 1973, to go to the Control Center for medication does not prove the Claimants' contention that the State was negligent in failing to properly supervise Arrozo Raphael. The security procedures were adequate under the circumstances and no evidence of negligence.

The Claimant also contends that Mr. Raphael stole the Claimant's jewelry reported missing on July 23, 1973. Because Raphael was apprehended that very same day and the jewelry was never found on him or in his car, the contention is merely a conjecture and not substantiated by the facts. No evidence was ever adduced at the hearing connecting Raphael with the missing jewelry of claimant.

It is, therefore, ordered that the claim of Mr. Javier Curiel be denied.